STEPHENS v. BURGESS, *Appellant*.

**Interest.** Upon the facts stated, it was held that the plaintiff was entitled to interest upon his demand, at the rate of six per cent. per annum.

*Appeal from Putnam Circuit Court.*—HON. J. W. HENRY, Judge.

On the 12th day of April, 1866, plaintiff purchased of one Binford a dwelling house at the price of $2,500, which he paid, partly in cash and partly by his note bearing ten per cent interest, which was subsequently paid. The deed, however, was made directly to defendant, who agreed verbally with plaintiff to repay him the price paid, with interest thereon at the rate of seven and three-tenths per cent. per annum. In a suit by plaintiff to enforce a vendor's lien, the defendant pleaded a counter claim, of which the items were as follows: April 25th, 1868, legal service, $200; April 25th, 1868, money paid, $100; April 25th, 1868, money paid, $500; November 11th, 1869, price of land sold to plaintiff, $1,000; November 29th, 1869, price of land sold to plaintiff, $700. The circuit court allowed defendant's counter claim, but also allowed plaintiff interest on $2,500 at the rate of six per cent. from April 12th, 1866 to the day of trial, March 20th, 1875.

*H. Lander* and *C. L. Dobson* for appellant.

1. This action is either on an account or on a contract. If on an account, in order to entitle respondent to interest at any rate, a demand for the money must have been made before suit brought. 1 Wag. Stat., § 1, p. 782: *Southgate v. A. & P. R. R. Co.*, 61 Mo. 89. 2. If on a contract, the promise to pay interest must have been in writing. 1 Wag. Stat., § 2, p. 782. 3. As there were mutual accounts between the parties, almost from the day of sale from Stephens to Burgess, and no time fixed, or even mentioned, by

either of the parties, when the money was to be paid, the respondent's demand is unliquidated, and he is not entitled to interest before suit brought. *Murray v. Ware*, 1 Bibb 325; *McConnico v. Curzen*, 2 Call 358.

*Charles A. Winslow* for respondent.

The agreement to pay seven and three-tenths per cent. being for a higher rate of interest than the statute authorizes, was invalid because not in writing, but it was good as evidence that the debt was to draw interest from date. The statute expressly allows interest for " money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made." 1 Wag. Stat., § 1, p. 782. 2. The money was paid at the time of sale, and for money paid for the use of another, interest is due from the time of its payment. 3 Parsons Cont., (6 Ed.) 103. 3. The cause of action here is in no sense an account, but a contract to pay a sum certain as the purchase price of a piece of property, the possession of which was delivered to the appellant at the time, and the use of which he has ever since enjoyed. 1 Am. Lead. Cas., (4 Ed.) 506, 518; *Selleck v. French*, 1 Conn. (N. S.) 32; *Reuss. Glass Co. v. Reid*, 5 Cow. 587; *Still v. Hall*, 20 Wend. 51. 4. Appellant's counsel fail to insert a comma after the word " payable" in the section of the statute relied upon by them, (1 Wag. Stat., § 1, p. 782). Correctly copied, it would read, " creditors shall be allowed to receive interest at the rate of six per cent. per annum, where no other rate is agreed upon, for all moneys after they have become due and payable, on written contracts, and on accounts after they become due," &c. Thus rendered, three distinct classes of demands are brought to view, which were well known in the common law, and are clearly defined in previous revisions of this section. Rev. Stat. 1825, p. 462, § 1; Ib. 1835, p. 333, § 1; Ib. 1845, p. 614, § 1; Ib. 1855, 889, § 1. 5. The demand for interest really rests upon written con-

tract, the deed from Binford to Burgess, as to which the answer insists respondent was acting for appellant "as his agent and not otherwise." *Risley v. Andrew Co.*, 46 Mo. 382; *Jefferson City Sav. Assn. v. Morrison*, 48 Mo. 273.

NAPTON, J.—We are all of opinion that the judgment of the circuit court in allowing the plaintiff interest was right; but, as a mistake was made in the calculation of $50 in favor of plaintiff, the judgment for $690 must be reduced that much. The judgment of the circuit court is, therefore, reversed, and a judgment will be directed to be entered here for $640 with interest.

REVERSED.