## MATHIAS HEIDERICH

v.

## MARY HEIDERICH.

CHANCERY PRACTICE.—In a suit in chancery where the witnesses were all examined in open court and the parties were entitled, if they so desired, to have the issues tried by a jury, and the court sustained a motion to strike out all the complainant's evidence and entered a decree dismissing the bill. *Held* that the same rule applies as in a case at law, and as the evidence tended to support the allegations of the bill, such ruling was erroneous.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE R. GARDNER, Judge, presiding. Opinion filed January 6, 1886.

Mr. SIMON P. DOUTHART, for appellant.

Mr. ARNOLD TRIPP, for appellee.

BAILEY, P. J. This was a suit in chancery for a divorce, brought by Mathias Heiderich against Mary Heiderich, the bill charging the defendant with adultery, extreme and repeated cruelty and an attempt to take the life of the complainant by poison. The defendant answered, denying each of the several offenses charged in the bill, and charging the complainant with adultery; to which answer a general replication was filed. Afterward the cause came on to be heard before the court without a jury upon the pleadings and the witnesses examined in open court. The complainant thereupon produced and examined a large number of witnesses in support of the allegations of his bill, and at the close of his evidence the defendant, without offering any evidence on her own behalf, moved to strike out all the evidence introduced by the complainant, which motion the court sustained, and entered a decree dismissing the bill at the complainant's costs for want of equity.

We have examined the complainant's evidence with care and are of the opinion that it tends at least to prove each of

the several offenses charged in the bill. As to the charge of extreme and repeated cruelty the proof seems to be very strong and convincing. But in view of the manner in which the decree was arrived at we think it unnecessary for us to consider its weight or conclusiveness.

It is well settled in suits at law that a motion to strike out all the plaintiff's evidence is in the nature of a demurrer to the evidence, and like such demurrer admits not only all the facts proved but also every conclusion which the jury might fairly and reasonably have drawn therefrom. Phillips v. Dickerson, 85 Ill. 10; Font et al. v. T. P. & W. Ry. Co., 59 Id. 349; Poleman v. Johnson, 84 Id. 269; Lawrence v. Mut. Life Ins. Co. of N. Y., 5 Bradwell, 280; Pratt v. Stone, 10 Id. 633.

We see no reason why the same rule should not apply to a suit in chancery, especially like this, where the witnesses are all examined in open court, and where the parties are enabled, if they so desire, to have the issues tried by a jury. The court below, by striking out the evidence, held, in effect, that it did not tend to support the allegations of the bill. Such ruling, in our opinion, was erroneous, and for that reason the decree will be reversed and the cause remanded.

Decree reversed.