[Filed June 7, 1888.]

# H. H. HAWLEY, APPELLANT AND RESPONDENT, *v.* I. R. DAWSON, APPELLANT AND RESPONDENT.

PRACTICE — MOTION TO STRIKE OUT TESTIMONY. — A motion to strike out testimony is in the nature of a demurrer to the evidence, and must be tested by the same rules.

DEMURRER TO EVIDENCE — WHAT IT ADMITS. — The demurrer to evidence admits all that the testimony objected to has proved, and all that it tends to prove.

MOTION TO STRIKE OUT TESTIMONY WHEN PART ADMISSIBLE. — A motion to strike out the testimony of a witness cannot be sustained if any part of it is admissible.

STATUTE OF FRAUDS — PROMISE TO ANSWER FOR THE DEBT OF ANOTHER. — The objection that the contract sued on is an agreement to answer for the debt of another, and that it must be evidenced by writing, must be presented by an exception to the ruling of the court below either in the admission or exclusion of evidence, or the giving or refusing instructions, or by a demurrer in a proper case.

ESTOPPEL BY JUDGMENT ONLY OPERATES BETWEEN PARTIES AND PRIVIES. — There is no such privity between a sheriff and a plaintiff in an attachment as to render a judgment recovered against the sheriff by a keeper of attached property, for services as such keeper, a bar in favor of the plaintiff in the writ when sued on a contract to pay for another part of the same services. Estoppels by judgment only operate between parties and privies.

ATTACHED PROPERTY — KEEPER. — *Semble*, that when a keeper of attached property is necessary, his expense is in the nature of a disbursement, which the plaintiff in the writ might lawfully make, and tax the same in case he should prevail in the same way any other necessary disbursement is taxed in the action.

SHERIFF — NO LIABILITY FOR KEEPER'S SERVICES, WHEN. — By the employment of a keeper, a sheriff does not make himself personally responsible for his wages unless he shall expressly agree to pay the same. He acts for the benefit of the plaintiff in the writ, who may be called upon to advance the wages of a keeper.

PLAINTIFF'S APPEAL — CASE IN JUDGMENT. — Where the jury returned a verdict in favor of the plaintiff, and "assessed his damages at $1,356, with interest thereon from September 29, 1885, to date, at eight per cent per annum, amounting in the aggregate to $1,613.64;" *held*, that the court did not err in rendering a judgment for $1,356.

APPEAL from Multnomah County.

*G. H. Durham*, and *H. Y. Thompson*, for Hawley.

*Cox, Smith & Teal,* for Dawson.

STRAHAN, J.—The substance of the complaint herein is as follows: That at the special instance and request of the defendant, made by himself and his agents, duly authorized, the plaintiff performed labor and rendered services for the defendant from the second day of July, 1884, up to and including the twenty-ninth day of September, 1885, for which said services and labor the defendant agreed to pay the reasonable value; that said services were reasonably worth the sum of three dollars per day, or the aggregate sum of $1,356; that although payment has been demanded, the plaintiff has not paid the same, or any part thereof, and the whole of said sum and legal interest thereon, from the twenty-ninth day of September, 1885, is and has been since said last-named day due and owing from the defendant to the plaintiff. Then follows prayer for judgment, etc.

The defendant's answer denied each allegation of the complaint, and then alleges in substance that G. C. Sears was formerly sheriff of Multnomah County, in whose hands a writ of attachment was placed for service, wherein I. R. Dawson was plaintiff, and William Druck et al. were defendants; that by virtue of said writ he attached a paper mill, with fixtures, machinery, and appurtenances, located near Bridal Veil Falls, in Multnomah County, Oregon; that on the eighth day of March said Sears duly appointed this plaintiff a special deputy or keeper of said property so attached, and employed plaintiff to take care of said property until the plaintiff's said authority to do so should be revoked; that plaintiff cared for said property till the second day of July, 1884. It is then alleged that this plaintiff sued Sears for such services at the rate of three dollars per day, and obtained a judgment against him for $203, and $34.57, costs and disbursements. It further alleged that the services sued for in this action were performed under the contract alleged to have been made with Sears, and were rendered, if rendered at all, as a continuation and a part of said contract with Sears.

The plaintiff denied by his reply that said services sued for

were rendered under the Sears' contract, but after said Sears ceased to be sheriff, and that the same were not included in the action against Sears. The plaintiff had judgment, from which both parties have appealed. The defendant in his notice of appeal has assigned various errors. Those which were argued upon the appeal I will proceed to examine.

1. It is argued by the defendant's counsel that the court should have stricken out the testimony given by Powell, Witherell, Jordan, Sears, and Hawley, because it was all clearly incompetent; it related to matters not at issue in the pleadings; all of this testimony related to services performed by Hawley as deputy sheriff and keeper, and could have no relation to matters in issue in this case. Several of these witnesses testify to the time and circumstances under which the plaintiff first took charge of the paper mill at Bridal Veil Falls, when it was attached at the suit of the present defendant, and his acts and words respecting the plaintiff's employment as keeper, as well as the acts and language of Mr. Smith, his attorney, the extent, nature, and value of the services rendered, etc. While some of the testimony given by each witness is not material, there is much of it that is, so that the court could not have allowed the defendant's application to strike out the evidence of either of these witnesses without striking something that was material and competent. This motion is in the nature of a demurrer to the evidence, and must be tested by the same rules. (*Pennsylvania Co.* v. *Conlan,* 101 Ill. 93; *Heiderich* v. *Heiderich,* 18 Ill. App. 142.) In such a case the rule is that the demurrer admits all that the testimony objected to has proved, and all that it tends to prove, and hence if there is testimony tending to prove the issues in favor of the plaintiff, the judgment must be in his favor. (*Pennsylvania Co.* v. *Conlan, supra; Fent* v. *Toledo, Peoria & Warsaw R. R. Co.* 59 Ill. 349; 14 Am. Rep. 13; *Phillips* v. *Dickerson,* 85 Ill. 11; 28 Am. Rep. 607; *Morris* v. *Indianapolis & St. Louis R. R. Co.* 10 Ill. App. 389; *Atherton* v. *Sugar Creek & Philadelphia Turnpike Co.* 67 Ind. 334; *Heiderich* v. *Heiderich, supra.*) A motion to strike out the testimony of a witness cannot be sustained, if any part of it is

admissible. (*State* v. *Hymer*, 15 Nev. 49; *Larkin* v. *Mitchell &
Rowland Lumber Co.* 42 Mich. 296; *Chester* v. *Bower*, 55 Cal.
46.) Some portion of the testimony of each of these witnesses
was both competent and relevant, and was clearly admissible.
The court was therefore clearly not in error in overruling the
defendant's motion to strike the testimony of these witnesses out
of the case.

2. It is next objected that if Dawson made any promise to
pay the plaintiff, it was void, for the reason it was not in writ-
ing. To make this objection available it ought to be presented
by an exception to the ruling of the court below, either to the
admission or exclusion of evidence, or to the giving or refusing
instructions, or by demurrer in a proper case. So far as I am
able to discover from the record this objection was not made in
the court below in any form, and of course for that reason could
not be presented here for the first time. But aside from this,
the plaintiff does not declare upon a promise made to another,
nor by the pleadings is the defendant called upon to answer for
the debt, default, or miscarriage of another. The complaint is
founded upon a contract alleged to have been made between the
plaintiff and defendant, and there was some evidence tending to
prove it. Of its weight or sufficiency the jury alone could
decide.

3. The last objection is that the plaintiff's demand is against
the sheriff of Multnomah County, and from the fact that he
once sued the sheriff for a part of his demand, he cannot now
maintain an action against Dawson. That the demand is entire
and indivisible, and having recovered for a part of it, such
recovery is a bar to the recovery of another part of the same
demand. It is not necessary to consider or determine this ques-
tion, for the reason that there is no such privity between Sears
and Dawson as to make the judgment against Sears available in
favor of Dawson as an estoppel. Estoppels only operate between
parties and privies, and the fact that the plaintiff may have sued
Sears, and recovered a judgment against him for a part of an
entire demand, would not of itself defeat a recovery against the
defendant of the residue of the same demand if he were other-

wise legally liable for it. We have not considered and do not determine the legal relations between the sheriff and the keeper of attached property; but it may be proper to say that where a keeper is necessary his expense is in the nature of a disbursement, which the plaintiff might lawfully make and tax the same in the cause, should he prevail, in the same way any other necessary disbursement is taxed; but that the sheriff by employing a keeper does not make himself personally responsible to such keeper unless he shall do so by expressly agreeing to pay him. He might refuse to put a keeper in charge of such property, unless the plaintiff for whose benefit he acts would advance the necessary funds. In this case the defendant is charged with agreeing directly with the keeper to pay him, which we think he might do, and the jury having found in favor of the plaintiff we do not find any cause for disturbing their verdict. This disposes of the defendant's appeal, and the plaintiff's assignments of error in support of his appeal will now be considered.

4. The jury returned the following verdict: —

"*H. H. Hawley* v. *I. R. Dawson.*

"We, the jury in the above-entitled action, find for the plaintiff, and assess his damages $1,356, with interest thereon from September 29, 1885, to date, at eight per cent per annum, amounting in the aggregate to $1,613.64.

"H. S. CAMPBELL, Foreman."

On this verdict the plaintiff moved for judgment for $1,613.64, but the court refused to allow a judgment for that sum, but entered it for $1,356, and this ruling of the court is now assigned as error by the plaintiff. It presents the question whether or not the jury might in estimating the plaintiff's damages include interest at eight per cent from the time the money ought to have been paid to the finding of the verdict. It is not claimed that the case falls within the statute regulating interest on money; but they claim that in an action for services where the sum is unliquidated, the jury may allow interest not exceeding the rate fixed by statute as a part of the plaintiff's damages for the unlawful withholding of that to which he was entitled.

A jury no doubt may properly allow interest as a part of the damages to which a party may be entitled in a number of cases, and numerous authorities lay down the rule broad enough to include this case. But when the amount of recovery is unliquidated, depending upon the market value of the commodity, or the reasonable value of services rendered, and there is no express agreement to pay interest, I am inclined to think the rule contended for by counsel ought not to be ·adopted. Under that rule interest is allowed by way of damages after default in making payment, but where the sum to be paid is in dispute and is unliquidated, it is difficult to say that the default in this sense happens till the amount which the party ought to pay is fixed and made certain. If it is desirable to have a more liberal rule as to interest, it is the province of the legislature to introduce it and not the court.

It follows from what has been said that upon each of these appeals the judgment appealed from must be affirmed.