Decided at PENDLETON, 13 August, 1898.

## SMITH *v.* TURNER.

[54 Pac. 166]

INTEREST ON UNLIQUIDATED CLAIMS.— Under the Oregon statute (Hill's Ann. Laws, § 3587*) there is no interest on unliquidated claims: *Hawley* v. *Dawson*, 16 Or. 344, and *Pengra* v. *Wheeler*, 24 Or. 532, followed.

COUNTERCLAIM—INTEREST.—A counterclaim for unliquidated damages in an action on a note does not cut off the running of interest on the note from the time the claim accrued, but only from the verdict, except where the damages are previously liquidated by the confession or default of plaintiff.

From Harney : MORTON D. CLIFFORD, Judge.

Action by Jas. W. Smith against Henry C. Turner and others on a promissory note executed April 12, 1890, for $2,440, with interest from date at the rate of 10 per cent. per annum. The following payments are alleged to have been made and indorsed upon the note, viz. : November 3, 1890, $83.75 ; May 25, 1891, $40 ; December 2, 1891, $15 ; and September 5, 1893, $160. The prayer is for $3,974.20, and $250 additional, as a reasonable attorney's fee for instituting this action.

The answer admits the execution of the note, but denies all payments and endorsements thereon, except the one of $83.75, and denies any liability on account of attorney's fees. For a further and separate defense to the action, the defendants allege that, as an inducement to the execution of said note, the plaintiff entered into a contract in writing with defendants whereby he agreed to advance to them, for the purpose of harvesting their crop of grain, consisting of about 500 acres, in the summer of 1890, all sums of money necessary thereto, not to exceed in the aggregate $1,000, the same to be paid

*This section reads as follows: "The rate of interest shall be * * * on all moneys after the same become due; on judgments and decrees for the payment of money; on money received to the use of another and retained beyond a reasonable time without the owner's consent, express or implied, or on money due upon the settlement of matured accounts from the day the balance is ascertained; * * * ."

upon their order or demand ; that defendants relied upon such agreement, and made no other arrangements for money with which to defray the expenses incident to such harvesting, but that plaintiff failed and refused to furnish said money or any part thereof although due demand was made upon him therefor ; that said crop was of the value of $3,200, and that, by reason of plaintiff's failure to supply said money, defendants were unable to harvest the same, whereby it was wasted and lost to them, to their damage in the sum of $2,700, "being the sum of $200 over and above the amount then due upon the promissory note mentioned in the complaint; that, by reason of the premises, the defendants were at said time, and still are, damaged in the sum of $200 over and above the amount due upon said note, for which sum the plaintiff then and there became indebted to the defendants." For a second separate defense and counterclaim, the defendants allege, in substance, that plaintiff sold, disposed of, and converted to his own use certain personal property belonging to the defendants, of the value of $1,000, by reason whereof plaintiff became indebted to defendants in the further sum of $1,000, no part of which has been paid. Their prayer is for $1,200 and costs against plaintiff. A demurrer was filed to the separate defenses, which was overruled, and, because of plaintiff's absence in California, on account of ill health, and a lack of definite or sufficient knowledge on the part of his attorneys respecting the matters alleged in the answer to enable them to interpose a defense, the plaintiff was unable to reply, for which reason application was made for a continuance, but this was also denied, and the parties were directed to proceed to trial before a jury, which resulted, May 9, 1897, in a verdict for defendants for $1,200. Judgment was accordingly rendered, and plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Waters & Gowan* and *Alfred S. Bennett*, with an oral argument by *Mr. Bennett*.

For respondents there was a brief over the names of *Lionel R. Webster* and *John W. Biggs*, with an oral argument by *Mr. Webster*.

MR. JUSTICE WOLVERTON delivered the opinion of the court.

It is urged on the part of the plaintiff that the verdict was for a larger sum than was justified by the pleadings, and, owing to the state of the record, this presents the only question which we feel called upon to decide at the present time. It is well understood that interest is not demandable, under our statute, upon unliquidated claims or demands: *Hawley* v. *Dawson*, 16 Or. 344, 349 (18 Pac. 592) ; *Pengra* v. *Wheeler*, 24 Or. 532, 536 (34 Pac. 354). The plaintiff's claim bears interest because there is a contract to pay it, while, under the rule announced, the defendants' counterclaims do not ; but it is attempted to counterclaim as respects the first separate defense as of the date when it is alleged the damages accrued, and thereby cut off the running of interest upon the note. This cannot be done, however, because it required the verdict of the jury, or at least the confession or default of the plaintiff, to liquidate the defendants' demand for their alleged damages arising by reason of plaintiff's supposed breach of contract, while the note draws interest by force of its direct stipulations. Measured by this rule, the verdict of the jury is larger than the pleadings will admit of by $181.10. The note, with interest to the date of the verdict, less the payments indorsed as shown by the complaint, aggregates $3,881.10, while the

aggregate demands of defendants amount to $3,700 only.
These considerations reverse the judgment of the court
below, and it is so ordered ; and, further, that the cause
be remanded for such other proceedings as may seem
proper.

REVERSED.

Decided at PENDLETON, 13 August, 1898.