[Civ. No. 832.	Third Appellate District.—March 8, 1912.]

GEORGE McCOWEN et al., Respondents, v. J. W. PEW, Appellant.

SPECIFIC PERFORMANCE—CONTRACT TO SELL TIMBER LAND—DEDUCTION FOR TIMBER CUT—DISCRETION AS TO INTEREST—CONSTRUCTION OF CODE.—In an action of specific performance of a contract to sell timber land, where an allowance was made for the deduction of the value of timber cut, the court had discretion to allow interest on the residue of the price of the timber land from the date when the vendors were in condition to make a good title until paid, whether the action be deemed one on express contract for the residue of the price, under section 3287 of the Civil Code, or one on an implied contract, upon *quantum meruit*, under section 1917 of the same code.

ID.—EQUITABLE CIRCUMSTANCES IN FAVOR OF INTEREST—REJECTION OF REASONABLE OFFER — UNREASONABLE DEMAND — EXPENSIVE LITIGATION.—Where there was a dispute as to value of the timber cut, and

pending negotiations between the parties, the vendors finally offered a deduction of $600, which offer was refused, and the court on the basis of the acreage cut at the agreed price per acre allowed only $410 therefor, and the unreasonable deduction of over $4,000 was demanded by plaintiff, and such unreasonable demand led to a long and expensive litigation, the case is clearly one for the application of the equitable principle of interest for long delay in breach of the obligation to pay the residue of the agreed price.

Id.—STATUTORY INTEREST ALLOWABLE — AMOUNT "CAPABLE OF CERTAINTY BY CALCULATION."—It is held that, aside from the strictly equitable view as to interest, the facts of the case justify the application of section 3287 of the Civil Code, which allows interest not only when the damages are certain, but also when they are "capable of being made certain by calculation." Since appellant knew the number of acres from which the timber had been removed, and the whole land was principally valuable for its timber, and the agreed price therefor was fifteen dollars per acre, it would seem to be a mere "matter of calculation" to determine what allowance should be made for said removal.

Id.—EXISTENCE OF UNLIQUIDATED SETOFF OR COUNTERCLAIM TO LIQUIDATE DEMAND — INTEREST ON BALANCE ALLOWED.—Where the amount of a demand is sufficiently certain to justify the allowance of interest thereon, the existence of a setoff or counterclaim, which is itself unliquidated, will not prevent the recovery of interest on the balance of the demand from the time it became due.

APPEAL from a part of the judgment of the Superior Court of Mendocino County awarding interest to respondents.   J. Q. White, Judge.

The facts are stated in the opinion of the court and the decision therein referred to.

Jesse W. Lilienthal, and James E. Pemberton, for Appellant.

H. C. McPike, and Robert Duncan, for Respondents.

BURNETT, J.—A full recital of the facts involved in this litigation may be found in *McCowen* v. *Pew,* 147 Cal. 299, [81 Pac. 958], and in the decision rendered in this court on the twenty-first day of February, 1912, and reported *ante,* p. 302, [123 Pac. 19]. This is an appeal by defendant from that ·portion of the judgment "which directs and requires of said defendant the payment of any interest on any sum

of money required by said judgment to be paid by him to the said plaintiffs as a condition of the conveyance to him by the said plaintiffs'' of the real property in controversy. Defendant was required to pay fifteen dollars per acre for the land, ''less the sum of $410 deducted on account of the cutting of said timber, within thirty days from the rendition of judgment herein together with interest thereon at the rate of seven per cent per annum, simple interest, from the 6th day of December, 1900, to the date of said payment, or tender thereof.'' It may be stated that the sixth day of December, 1900, was the date on and after which ''plaintiffs were able to give good title.'' It is admitted by appellant that we have no decision in this state directly in point, but it is contended that ''the California cases go to the extent of deciding that, where there is a *quantum meruit* or a *quantum valebat* to be proved in order to establish the amount recoverable, no interest can be recovered in California until the amount is settled and fixed by the judgment of the court. Here the amount due under the original contract was fixed by the contract, but the amount to be paid must be calculated on the principle of a *quantum meruit*. In the calculation of that there was sharp difference of opinion between the parties and also their respective counsel. That the position taken by us was finally declared to be incorrect by the supreme court we must admit, but it was taken by defendant on the advice of counsel and in good faith, and all the time he was offering to pay whatever the court said he should pay.'' We need not discuss the difference as to interest between an express and an implied contract. The subject is fully considered and the authorities reviewed by this court in *Courtney* v. *Standard Box Co.,* 16 Cal. App. 600, [117 Pac. 778]. Generally speaking, it may be said, the former comes under the provisions of section 3287 and the latter of section 1917 of the Civil Code. But we do not think either section was intended to take away all discretion, as to interest, in a case like this. This was an action in equity to quiet title on the part of plaintiff with a cross-complaint by defendant demanding specific performance of a contract to convey. The court found that the contract should be performed, and, under the general principles of equity which it was at liberty to apply, the court had discretion to impose such terms as seemed just and reasonable, subject, of course,

to review for any abuse of discretion. In equitable actions, it is true, the rule of law as to interest is generally followed: "but interest is sometimes allowed by courts of equity in the exercise of a sound discretion, when it would not be recoverable at law. On the other hand courts of law are sometimes affected by equitable considerations in the allowance of interest." (22 Cyc. 1475.) Respondents put the question as follows: "Is it conceivable that equity demands that for the last twelve years these plaintiffs shall have borne the taxes upon that land, the insurance, the care of it, preserved it to this day, when it is worth ten times what it was then, and it is to be wrenched from them at one-tenth its present value, but that even they are to be deprived of the poor modicum of compensation which has remained in the pockets of this defendant who has never spent a cent?"

But it is clear that the important question with us is whether the court had any discretion at all in the matter of interest. As far as equitable considerations are concerned, we must assume, on this appeal, that the judgment is altogether just. The appeal being on the judgment-roll, we may accept as established any fact, not inconsistent with the findings, that may have influenced the lower court in awarding interest.

For instance, we may take for granted the following circumstances, which are disclosed in the transcript before us: On October 11, 1900, appellant gave written notice of his election to exercise his option and he offered to pay for the property as he had agreed, less the loss occasioned by the said destruction of timber caused by respondents. The latter promptly replied that they were willing to make a liberal concession, trusting that appellant "will not be extortionate." They asked for the figures that appellant thought he should pay. Later they gave notice of having deposited a deed of the premises to appellant subject to his acceptance for the agreed price with an allowance of $300 for twenty acres cut over. Afterward they sent a communication to appellant in which they stated that all of his objections to and criticism of the title had been obviated, and that the "trifling loss in value of the said real property occasioned by the removal or destruction or injury to timber upon part thereof can readily be made certain by computation. We have carefully calculated such loss and find the same to amount to less

than the sum of four hundred dollars. For the sake of doing full justice and making adequate compensation to you in the premises, we have made an allowance of four hundred dollars on the contract price payable for said real property as aforesaid.'' Subsequently they offered to allow $600, but appellant insisted that it should be over $4,000, estimating it upon a basis entirely untenable, as held by the supreme court in said decision in the 147th California Report. The unreasonable demand of appellant, therefore, led to the long delay and expensive litigation in the cause. As a condition precedent to his payment for the property he required a reduction from the contract price of ten times as much as he was entitled to. Hence it is clearly a case for the application of the principle of moratory interest. It is allowable *ex aequo et bono*, as held by authorities of the highest character. It is said by the supreme court of the United States, in *Curtis* v. *Innerarity*, 6 How. (U. S.) 146, [12 L. Ed. 380], that ''It is a dictate of natural justice, and the law of every civilized country, that a man is bound in equity, not only to perform his engagements, but also to repair all the damages that accrue naturally from the breach. Hence every nation, whether governed by the civil or common law, has established a common measure of reparation for the detention of money not paid according to contract, which is usually calculated at a certain and legal rate of interest. Everyone who contracts to pay money on a certain day knows that if he fails to fulfill his contract he must pay the established rate of interest as damages for his nonperformance. Hence it may correctly be said that such is the implied contract of the parties.'' Here, as we have seen, it was the fault of appellant that the sale was not consummated years ago, and it is only just that he should repair the damage that has followed from the breach of his obligation.

But outside of the strictly equitable view, the foregoing suggests the application to the situation of said section 3287 of the Civil Code. Said section allows interest, as we have seen, when the damages are certain and also when they are ''capable of being made certain by calculation.'' Appellant was informed of the number of acres from which the timber has been removed, the land was valuable principally for the timber, the agreed price was fifteen dollars an acre, and it would seem to be a mere matter of calculation to determine

what allowance should be made for said removal. (*Robinson* v. *American Fish & Oyster Co.*, 17 Cal. App. 212, [119 Pac. 388].)

There is another view, also taken by respectable authority, which would lead to an affirmance of the judgment. It is expressed in 22 Cyc., page 1514, as follows: "Where the amount of the demand is sufficiently certain to justify the allowance of interest thereon, the existence of a setoff or counterclaim which is itself unliquidated will not prevent the recovery of interest on the balance of the demand found due from the time it became due."

In *Healy* v. *Fallon*, 69 Conn. 228, [37 Atl. 495], the supreme court of Connecticut held that "In an action for the price under a building contract, plaintiff may be allowed interest as damages for the detention of the amount found to be due him, though such price was subject to unliquidated deductions for plaintiff's deviations from the contract." The court stated that "The claim was wholly a pecuniary one, and was not at large, as are claims for damages for assault and battery, slander, or others of like nature. It represented a loss of a pecuniary value ascertainable with reasonable certainty, as of a definite time; and we think damages in the shape of interest should be recoverable from that time, for such a loss, for only in this way can equity be done between the parties in the case at bar."

In *Tappan and Noble* v. *Harwood*, 2 Speers, 551, the supreme court of South Carolina said: "By the decisions of this state, wherever a party stipulates in writing to pay money on a certain day, or on the performance of any stipulation or contract, interest is allowed. On the admitted completion and receipt of the buildings, interest would have been unquestionably allowable from the time of completion. The discount claimed by the defendant (for defective workmanship) may reduce the amount covenanted to be paid, but does not impair the claim for interest on the balance, when adjusted by the verdict of the jury."

In *Smith* v. *Turner*, 33 Or. 379, [54 Pac. 166], the supreme court of Oregon held that a counterclaim for unliquidated damages in an action on a note does not cut off the recovery of interest on the note from the time the claim accrued, the court stating, through Mr. Justice Wolverton, that "The plaintiff's claim bears interest because there is a contract to

pay it, while, under the rule announced, the defendant's counterclaims do not, but it is attempted to counterclaim as respects the first separate defense as of the date when it is alleged the damages accrued, and thereby cut off the running of interest upon the note. This cannot be done, however, because it required the verdict of the jury, or at least the confession or default of the plaintiff, to liquidate the defendants' demand for their alleged damages arising by reason of plaintiff's supposed breach of contract, while the note draws interest by force of its direct stipulations.'' Other cases holding similarly are *Howard* v. *Behn,* 27 Ga. 174; *Stephens* v. *Burgess,* 69 Mo. 168; *Greenly* v. *Hopkins,* 10 Wend. (N. Y.) 96; *Watkins* v. *Junker,* 90 Tex. 584, [40 S. W. 11]. Two or three decisions are cited by appellant apparently holding to the contrary, but the weight of authority seems to be against him. But whatever rule may be adopted in this state, in the case at bar, considering the trifling amount of the setoff in comparison with what was due under the contract, it is reasonable and just to hold that the balance should bear interest from the time it was due. In fine, under the circumstances, we think it would be manifestly unjust and inequitable to deprive respondents of the interest, and the portion of the judgment appealed from is therefore affirmed.

Hart, J., and Chipman, P. J., concurred.