[No. 7792.]

THE HENRYLYN ORCHARDS COMPANY ET AL. v. F. W. MEN-
ERAY CRESCENT NURSERY CO.

1.  INTEREST—*Demand Liquidated in Part—Claim of Set-off—Effect*
—The debtor does not defeat the creditor's right to interest upon so
much of the demand as he concedes, by merely asserting a set-off, in
an unliquidated sum, as to the residue.

2.  ATTACHMENT—*Bonds—Liability*—One who, by garnishment
process, delays the collection of what is due from the garnishee to
the defendant, and fails to sustain his attachment, is liable for inter-
est upon so much of the demand as the garnishee admits, even though
the garnishee claims a set-off in an unliquidated amount, as to the
residue.

*Error to the Denver District Court.*—Hon. HUBERT
L. SHATTUCK, Judge.

Mr. JOHN R. SMITH, Mr. H. B. WOODS, for plaintiffs
in error.

Messrs. SAUNDERS & STUART, Messrs. THOMAS, BRY-
ANT, NYE & MALBURN, for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the
court:

The action below was upon an attachment bond given
by plaintiffs in error in an attachment proceeding
against the defendant in error. A writ of garnishment
was served in the attachment proceeding, and the gar-
nishee answered that he owed the defendant in attach-
ment between $5,500 and $6,000, the exact amount of
which he could not determine until a set-off or claim for
poor nursery stock was adjusted. The defendant had
sold nursery stock to the garnishee for an amount cer-
tain and liquidated. The garnishee was claiming a set-
off because part of the stock was not good. This claim
had not been adjusted at the time of the garnishment.
Later on the attachment was dissolved, and thereupon
the garnishee and defendant adjusted the claim for set-

off and the garnishee paid to the defendant $5,500. In the action on the bond, the court, as one item of damage, allowed interest on the $5,500 while it was held up by the garnishment.

The plaintiff in error contends that the court erred in allowing this interest. He says that the creditor's claim for nursery stock was unliquidated and that it would not have drawn interest if not attached, so that no actual damage was proven on that account. It was not the claim of the creditor against the garnishee that was unliquidated. This was fixed and certain. It was the claim of set-off by the garnishee that was unliquidated. The creditor's claim was one that would draw interest under the statutes of this state if no set-off was claimed. The debtor admitted that he owed at least $5,500 of this claim all the time, and it was on this undisputed amount that interest was allowed as damages in the action on the bond. Certainly a debtor can not defeat the running of interest against him for the part of a debt which he admits that he owes, and which would otherwise draw interest, by simply making a claim of an unliquidated set-off against the whole debt. In principle at least the following authorities are against the contention of plaintiff in error.—*McCowen v. Few,* 12 Cal. Ap. 482, 123 Pac. 354; *Harwood ads. Tappen & Noble,* 2 Speer, (S. C.) 536; *Smith v. Turner,* 33 Ore. 379, 54 Pac. 166.

The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE GARRIGUES and Mr. JUSTICE SCOTT concur.