WINETROUT,
*Respondent,*

*v.*

RACKLEFF,
*Appellant.*

(16-84-05978; CA A40955)

738 P2d 220

Thomas E. Elliott, Corvallis, argued the cause for appellant. With him on the brief was Evashevski & Elliott, Corvallis.

Rohn M. Roberts, Eugene, argued the cause for respondent. With him on the brief was Adkins, Roberts & Roberts, Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals from a judgment in an action on a promissory note. The court determined the amount which defendant owed on the note, including interest at the rate stated in the note, and then deducted the amount awarded by the jury on defendant's counterclaim for fraud. Defendant contends that the court should have set off the award on the counterclaim against the face amount of the note. We affirm.

In June, 1983, defendant purchased a speed boat from plaintiff for $18,500, paying $11,000 cash and giving a promissory note for the remaining $7,500 with interest at 12 percent. Defendant contended that plaintiff had falsely represented the condition of the boat's engine, and that he refused to pay on the note. Plaintiff then filed this action. Defendant's amended answer admitted that he had given the promissory note and that no payments were made but denied owing plaintiff the amount requested. The answer also set forth a counterclaim for fraud, alleging general damages of $8,000 and requesting punitive damages of $5,000, plus reasonable costs and attorney fees. In his reply, plaintiff denied the allegations of fraud and alleged affirmatively that the boat was purchased "as is."

At trial, the court granted plaintiff's motion for a directed verdict on the note and submitted only the counterclaim to the jury. The jury returned a verdict for defendant for $8,000 general and $500 punitive damages. The court thereafter entered judgment for plaintiff for $1,654.62. It calculated that amount by adding accrued interest to the face amount of the note and then offsetting the jury verdict. It also awarded plaintiff *post*-judgment interest at 12 percent, attorney fees, costs and disbursements.

Defendant contends that the court erred in not offsetting the jury's verdict from the face amount of the note before computing interest. He relies on *York Plumb. v. Groussman Inv. Co.,* 166 Colo 382, 443 P2d 986 (1968), for the proposition that an unliquidated claim (defendant's) should be deducted from a liquidated claim (plaintiff's) *before* the computation of interest. *York* does support defendant's position. However, it is not the law of Oregon. In *Smith v. Turner,* 33 Or 379, 54 P 166 (1898), the plaintiff sued for the balance due on a promissory note, including interest. The defendants

admitted the execution of the note and, as an affirmative defense, alleged that the plaintiff's refusal to advance additional funds, as he had promised, damaged them in an amount greater than the principal balance due on the note. Judgment for the defendants was reversed by the Supreme Court.

The court stated:

"It is well understood that interest is not demandable, under our statute, upon unliquidated claims or demands: *Hawley v. Dawson*, 16 Or. 344, 349 (18 Pac. 592); *Pengra v. Wheeler*, 24 Or. 532, 536 (34 Pac. 354). The plaintiff's claim bears interest because there is a contract to pay it, while, under the rule announced, the defendants' counterclaims do not; but it is attempted to counterclaim as respects the first separate defense as of the date when it is alleged the damages accrued, and thereby cut off the running of interest upon the note. This cannot be done, however, because it required the verdict of the jury, or at least the confession or default of the plaintiff, to liquidate the defendants' demand for their alleged damages arising by reason of plaintiff's supposed breach of contract, while the note draws interest by force of its direct stipulations. Measured by this rule, the verdict of the jury is larger than the pleadings will admit of by $181.10. The note, with interest to the date of the verdict, less the payments indorsed as shown by the complaint, aggregates $3,881.10, while the aggregate demands of defendants amount to $3,700 only." 33 Or at 381.

Here, defendant contracted to pay interest on the face amount of the note from the date of the note until it was paid, and plaintiff is entitled to both principal and interest as a liquidated sum. Defendant's fraud claim, on the other hand, was not liquidated until judgment was entered on the jury verdict. At that time, plaintiff was entitled to recover more on the note than the sum awarded defendant on his counterclaim. Accordingly, we affirm.[1]

Affirmed.

---

[1] Defendant's other assignment of error requires no discussion.