ERD VS. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.     41  65
82  85

NEGLIGENCE: RAILROADS. *(1) Company negligent in failing to extinguish fire on its right of way. (2) Presence of combustibles on plaintiff's land not negligence.*
EVIDENCE. *Witness's opinion as to value of property.*
PRACTICE: TENDER OF JUDGMENT. *When judgment considered greater than amount tendered.*

1. The evidence in this cause *held* sufficient to support a finding by the jury that plaintiff's fence was destroyed through negligence of defendant's employees in the use of its locomotive, and in failing to extinguish a fire thereby communicated to grass and other combustible materials adjacent to defendant's track.
2. The presence of combustible material on plaintiff's land adjoining the track did not constitute negligence on his part. *Kellogg v. Railway Co.,* 26 Wis., 223.
3. Where the value of property which has no fixed market value, is in question, witnesses may state what they consider it worth according to their best judgment or belief.
4. The provision of ch. 99 of 1872, that in civil actions in a justice's court, where defendant by answer tenders plaintiff judgment for a specified amount, plaintiff shall not recover attorney's fees or other costs subsequent to such tender, unless he shall recover, on a trial of the action, a greater sum than that tendered, etc., applies to *the recovery in the circuit court,* when the cause is appealed thereto.
5. In determining whether the amount recovered in the circuit court is *greater* than the amount tendered, interest on the latter amount between the date of tender and that of recovery is not to be deducted from the amount recovered, at least where it does not appear that the jury included interest in the verdict.

APPEAL from the Circuit Court for *Juneau* County.

Action for damages to plaintiff's fence, etc., from a fire alleged to have been caused by defendant's negligence. The action was commenced in justice's court, where, after refusing defendant's tender of a judgment for $35 damages, with costs to that time, plaintiff recovered judgment for $60 damages, and for costs. On appeal to the circuit court, plaintiff had a

judgment for $37.50 damages, and for full costs. From this judgment the defendant appealed.

The brief for the appellant is signed by *Smith & Lamb;* and that for the respondent by *Vilas & Bryant*, of counsel, and by *Richard Smith* as attorney. The oral argument was by *F. J. Lamb* for appellant, and *W. F. Vilas* for respondent.

For the appellant it was contended, among other things, that if defendant's offer of judgment for $35, under sec. 1, ch. 99, Laws of 1872 (compare sec. 1, ch. 97, Laws of 1858), had been accepted, the judgment would have drawn interest from that day (Tay. Stats., 1390, § 194; *Booth v. Ableman*, 20 Wis., 602); and that in determining whether the recovery is better or greater than the offer, for the purpose of giving effect to the design of the statute, the offer should be considered as drawing the same interest as a judgment on it would have drawn. *Tillman v. Keane*, 1 Abb. Pr., N. S., 23, 26; *Schneider v. Jacobi*, 1 Duer, 694–5; *Kilts v. Seeber*, 10 How. Pr., 270; *Burnett v. Westfall*, 15 id., 420; 1 Kent's Com., 514, and cases there cited; Potter's Dwarris, 189–191, and cases there cited.

For the respondent it was argued, among other things, that ch. 97, Laws of 1858, under which the defendant attempted to proffer judgment, is limited to actions upon contract (*McHugh v. Timlin*, 20 Wis., 487); that defendant's offer was not made in accordance with the statute, being a part of its answer filed in justice's court; and that if the statute were applicable, the verdict in the circuit court must be held more favorable than the offer, there being no authority in the statute for charging plaintiff with interest on the sum offered, which defendant in fact retained, nor anything in the record to show that any part of the verdict was made up of interest. *Smith v. May*, 32 How. Pr., 222; *S. C.*, 2 Abb. Pr., N. S., 227.

COLE, J. The counsel for the defendant insists that there was no proof of negligence on the part of the company in

causing the fire which destroyed the plaintiff's fence; and he claims that the evidence shows that the plaintiff's own negligence caused or materially contributed to produce the injury of which he complains. Both branches of this proposition seem to us unsupported by the testimony in the record. There is surely evidence sufficient to carry the case to the jury, upon the question of negligence on the part of the employees of the company. It appears that there was a heavy grade where the fire occurred, which it was difficult for trains to pass over, and especial care was necessary in the use of the locomotives at that place to prevent the escape of sparks from the engines. There was testimony which strongly tended to prove, and upon which the jury might have very reasonably found, that the fire was caused by sparks from the locomotive alighting upon the dry grass and other combustible materials adjacent to the track. The day was windy, and persons on the freight train testified that they saw the fire about the time it started, and when it might have readily been put out. This was while the train was stopped at that place in consequence of the difficulty of getting over the grade. From this testimony and other evidence bearing upon the question, the jury was well warranted in finding that the fire was caused by sparks which escaped from the locomotive, and that the servants of the company did not exercise due care in the use of the locomotive under the circumstances, and were guilty of negligence in failing to extinguish a fire spreading before their eyes. The inference of negligence from such testimony would be natural and cogent. The fact that there was combustible material on the plaintiff's land adjoining the track, did not constitute negligence on his part, under the decisions of this court, as will be seen from the case of *Kellogg v. The Chicago & Northwestern R'y Co.*, 26 Wis., 223.

Again, it is insisted that the damages are excessive, and not justified by any reliable evidence offered on the trial. A bare reference to the testimony will show that this position is as

untenable as the one just noticed. But the counsel claims that the statements of witnesses who testified that they " thought " or " believed " the fence destroyed was worth the sum named by them, should have been withdrawn from the consideration of the jury, because they afforded no just basis for a finding upon the question of damages. The jury, it is said, adopted these statements as the foundation for the amount of damages awarded, when the examination of the witnesses who testified in this manner showed that they had no knowledge on the subject. In cases where the question of the value of property is involved, which has no fixed market value, witnesses can only state what, according to their best judgment or belief, they consider it worth. Such testimony is competent, the jury being the sole judges as to what weight should be given to it.

The action was commenced in a justice's court, and on the 18th day of August, 1874, the defendant tendered the plaintiff a judgment for $35 and all costs up to that time, under ch. 99, Laws of 1872, which was declined. The plaintiff recovered a judgment in the justice's court in September following, for $60 damages, and costs. The defendant appealed the cause to the circuit court, and, on the 12th day of January, 1876, the plaintiff again recovered judgment for $37.50 damages, and costs. Now it is claimed that the plaintiff was not entitled to recover any costs which accrued subsequent to the tender. Chapter 99 provides that in civil actions in a justice's court, where the defendant by answer tenders the plaintiff judgment for a specified amount, the plaintiff shall not recover attorney's fees nor any other costs made subsequent to such tender, unless he shall recover, on the trial of the action, a *greater sum than tendered*, but the defendant shall recover against the plaintiff costs made subsequent to such tender. We have no doubt that this provision applies to the recovery in the circuit court on appeal; and the question therefore is, Was not the recovery in the circuit court for a greater sum than the amount

tendered? Upon that point there would not seem to be any room for discussion. Thirty-seven dollars and fifty cents is a "greater sum," certainly, than thirty-five dollars. But the counsel says the words "greater sum," as here used, should be construed to mean a sum greater than that tendered with its legal accretions, which includes interest. But it is obvious that this is not the reading of the statute. Besides, how is it possible to tell whether or not the jury allowed interest on the value of the property destroyed? It was a matter of discretion with the jury to allow interest or not (*McArthur v. The Green Bay & Mississippi Canal Company*, 34 Wis., 140); and it is very certain that we cannot assume that any interest was given in the verdict. This disposes of all questions in the case.

*By the Court.* — The judgment of the circuit court is affirmed.