KELLOGG vs. PIERCE.

*March 25 — April 8, 1884.*

JUSTICES' COURTS.    *Costs: Offer of judgment: What is "a more favorable judgment"?*

The statute (ch. 99, Laws of 1872) under which *Erd v. C. & N. W. R'y Co.*, 41 Wis., 65, was decided, was changed by ch. 285, Laws of 1877 (sec. 3628, R. S.). Under the latter act a judgment recovered on appeal in the circuit court, June 11, 1883, for $68.87 with interest from October 27, 1879, aggregating $86.89, is *less favorable* to the plaintiff than a judgment in the justice's court for $80, offered February 21, 1880; and the defendant is therefore entitled to costs and disbursements accruing after such offer.

APPEAL from the Circuit Court for *Walworth* County. The case is thus stated by Mr. Justice CASSODAY:

"This action was commenced in justice's court, February 13, 1880. The complaint was upon a written contract on which the plaintiff claimed $166.15. February 21, 1880, defendant answered and alleged by way of offset a large number of items of account and charges against the plaintiff, and at the same time offered in writing to permit the plaintiff to take judgment against him for $80 damages and costs. The plaintiff refused to accept the offer, and on the trial obtained judgment for $146.81 damages, and $29.86 costs. The defendant appealed to the circuit court, wherein the cause was referred to a referee to hear, try, and determine. The case was tried before the referee, who made his report

Kellogg vs. Pierce.

June 6, 1882, in which he found that the plaintiff was entitled to judgment against the defendant for $71.77, with interest thereon from October 27, 1879.   On motion to confirm the report it was, in effect, ordered by the circuit court, June 11, 1883, that the plaintiff have judgment against the defendant for $68.87, with interest thereon from October 27, 1879, amounting to $18.02, making in the aggregate $86.89, for which sum judgment was thereby ordered for the plaintiff, '*with costs to be taxed by the clerk.*'   Judgment was therefore entered accordingly for $86.89 damages, and $64.91 costs, as taxed by the clerk.   The defendant appeals from so much of the judgment as awards costs in favor of the plaintiff and against the defendant, instead of awarding costs in favor of the defendant and against the plaintiff."

For the appellant there was a brief by *Winsor & Sprague*, and oral argument by *Mr. Sprague*.

For the respondent the cause was submitted on the brief of *Bishop & Cravath*.   They cited: *Erd v. C. & N. W. R'y Co.*, 41 Wis., 68; *Swails v. Cissna*, 61 Iowa, 693.

CASSODAY, J.   It is very evident that the circuit court determined the question of costs against the defendant on the theory that the statute was the same as when *Erd v. C. & N. W. R'y Co.*, 41 Wis., 65, was decided in 1876.   Accordingly it was held that, because the plaintiff recovered as damages a greater sum than the amount offered, he was entitled to full costs.   But immediately after that decision, and apparently in consequence of it, the statute was changed in that regard to substantially what it now is.   Ch. 285, Laws of 1877; secs. 3627, 3628, R. S.   Since that change in the statute a refusal by the plaintiff to accept the offer for judgment, and his failure " to recover a *more favorable* judgment than he would have done by accepting the offer," prevents him from recovering for any costs made after the offer, and subjects him to the payment of such costs to the

defendant. It requires no mathematical calculation to demonstrate that the offer of $80, February 21, 1880, was more favorable to the plaintiff than $68.87, with interest thereon from October 27, 1879 to that time, would have been. This being so, there can be no question but what the plaintiff was entitled only to such taxable costs and disbursements as had accrued prior to the offer, while the defendant was entitled to all such taxable costs and disbursements as accrued after the offer, and the amount of the same are to be deducted from the sum of the damages and costs to which the plaintiff was entitled, and for the balance only judgment is to be entered.

*By the Court.*— That portion of the judgment appealed from is reversed, and the cause is remanded with direction to enter judgment in accordance with this opinion.