WILLIAMS, Appellant, vs. READY, Respondent.

*September 24 — October 9, 1888.*

*Justices' courts: Judgment: " Offer in writing:" Costs.*

In an action in a justice's court to recover damages for an involuntary trespass, an entry of defendant's oral answer that he " tenders judgment for six cents and costs up to to-day," made by the justice in his docket, is a sufficient " offer in writing," within the meaning of sec. 3627, R. S.; and if the plaintiff fails to recover a more favorable judgment he must, under sec. 3628, pay to the defendant the costs made after the making of such offer.

APPEAL from the County Court of *Fond du Lac* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced in justice's court. The complaint alleges, in effect, that October 16, 1886, the defendant's goat, boy, and dog wrongfully and unlawfully entered upon the plaintiff's close described, and ate up and trod down his corn and grass therein, and chased and worried his cattle thereon; to his damage, etc. On the return day the defendant appeared, and answered orally, and the same was entered in the docket of the justice as follows: " Defendant denies the complaint in general, and tenders judgment for six cents and costs up to to-day, as taxed at $4.10, in all $4.16, deposited in court." A trial was had before the justice by a jury, and a verdict and judgment rendered for

the defendant. On appeal therefrom to the county court, and a retrial therein by a jury, there was a verdict in favor of the plaintiff for six cents damages; and a judgment was entered on the verdict, leaving a blank therein for the insertion of costs when taxed. Each party, upon notice, presented to the clerk a bill of costs and requested the taxation of the same. The clerk refused the application of the plaintiff; and taxed and allowed the defendant's bill at $61.35, and the same was inserted in the judgment. Subsequently, and at the next term of the court, the court denied the motion of the plaintiff, based on affidavits duly served, to set aside and vacate the costs so taxed and to allow costs in favor of the plaintiff. From that order and judgment the plaintiff appeals.

The cause was submitted for the appellant on the brief of *A. M. Blair*, and for the respondent on that of *Duffy & McCrory*.

CASSODAY, J. "At the time of joining issue in an action . . . for the recovery of damages for an involuntary trespass, any defendant may offer *in writing* to permit the plaintiff to take judgment against him for the sum, damages, or thing stated in said offer, with costs. If the plaintiff accept such offer, he shall make such acceptance in writing, and such offer and acceptance shall be filed with the justice." Sec. 3627, R. S. "If the plaintiff do not accept such offer, it shall be deemed withdrawn; . . . but if the plaintiff fail to recover a more favorable judgment than he would have done by accepting the offer, *he shall not recover costs made after* the making of such offer, *but shall pay costs so made to the defendant.*" Sec. 3628. These sections of the statutes apply to courts of justices of the peace. The complaint in the case at bar was not for a wilful trespass, but merely for an involuntary trespass. These sections, therefore, were clearly applicable to the case.

Williams vs. Ready.

The only question is whether the offer was in the form required, and sufficient. The answer of the defendant, though orally made, yet, when entered by the justice in his docket, the substance of it was necessarily reduced to writing in a solemn form, and in a way to estop the defendant from disclaiming it as his answer. If such answer so.entered was sufficient as an "offer in writing" to satisfy the statute, then it bound the defendant just as effectually as though he had himself written and subscribed it and then served it on the plaintiff. In fact the statute does not, in terms, require such offer to be signed by the defendant. True, the offer, as contained in the answer, is not in the words of the statute. Such offer was simply that the "defendant . . . *tenders* judgment for six cents and costs up to to-day." But we think this was equivalent to the requirement of the statute quoted; which is, in effect, to permit the plaintiff to take judgment for the sum stated, with costs. The plaintiff having refused to accept the offer, and having failed to recover a more favorable judgment than he would have done by accepting the offer, he was expressly precluded by the statute quoted from recovering any costs made after the making of such offer, but was required to pay the costs so made to the defendant. *Kellogg v. Pierce,* 60 Wis. 342. The object of these enactments seems to have been to discourage unnecessary and fruitless litigation. They should be construed so as to secure that object whenever it can be fairly done without doing violence to the language employed. Here the rulings of the trial court were strictly in harmony with the statutory rights of the parties.

*By the Court.*— The order and judgment of the county court are both affirmed.