KIEFERT, Appellant, vs. MAPLE VALLEY MUTUAL HOME
FIRE INSURANCE COMPANY, Respondent.

*September 17—October 6, 1914.*

*Tender by check: Sufficiency: Interest: Pleading: Amendment to*
*conform to proof.*

1. Tender by a debtor to his creditor of a check for the full amount,
   due constitutes a good tender so as to stop interest, if no ob-
   jection be made at the time that the check is not legal tender,.
   but it is refused on some other ground, as for instance that
   it is not enough.
2. Although a tender of the amount due to plaintiff was not defi-
   nitely pleaded in the answer, yet where the evidence thereof
   came in without objection and the facts appeared from plaint-
   iff's own evidence the answer may be considered as amended,
   in furtherance of justice.

APPEAL from a judgment of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

Action on a policy of fire insurance upon a barn and the
hay therein. The barn was insured for $200 and the hay
for $100, payable sixty days after notice and proof of loss.
The barn and hay were totally destroyed by fire November 29,
1912. • Notice was at once given to the company and within
a week the officers of the company met the assured at the site
of the fire and attempted to adjust the loss. It was admitted
by the officers that the loss on the barn was $200, but the
parties disagreed as to the loss on the hay, the plaintiff
claiming the full sum of $100 and the officers of the company
claiming a much smaller sum. The officers testified on the
trial that it was finally agreed that the loss on the hay be ad-
justed at $40, but the defendant testified that no agreement
was reached. December 31, 1912, the parties met at a bank
in Oconto Falls to settle the loss. The plaintiff signed a re-
ceipt stating that he received and accepted $240 in full for
his loss. He was then offered a check for that amount by

the treasurer of the company, but, after seeing his attorney, refused to accept it and claimed he did not understand the contents of the release. His refusal to accept the check was on the ground that it should have been for $300,—not because it was not legal tender. The check was left at the bank for the plaintiff to receive at any time, and the 'testimony shows that it would have been honored at any time. This action was commenced February 23, 1913. The defendant with its answer served a tender of judgment for $240, with costs, but it was never accepted.

The jury, in reply to special questions, found (1) that it was agreed between the parties at the plaintiff's farm to adjust and settle the claim for $240, and (2) that the fair market value of the hay destroyed was $40.

Judgment was rendered for the plaintiff for $240, without interest, but with costs up to the time of the service of the offer of judgment; and judgment for the defendant for costs after that time, which were offset against the plaintiff's judgment, leaving a net judgment of $212.98 for the plaintiff. From this judgment the plaintiff appeals.

For the appellant there was a brief by *Lehner & Lehner*, and oral argument by *Philip Lehner*.

*John B. Chase,* for the respondent.

WINSLOW, C. J. The appellant claims that he was entitled to interest from the date of the adjustment and a full bill of costs.

This claim must be overruled, because (1) the jury found on sufficient evidence not only that the loss was only $240, but also that the parties agreed to adjust the loss at that sum at the meeting early in December; (2) the insurance company had sixty days after receiving notice within which to pay the loss; (3) the evidence shows without dispute that within that period the defendant offered the plaintiff a good check for $240 and has kept the offer good; (4) the offer of

a check constitutes a good tender so as to stop interest if no objection be made to it at the time on the ground that it is not legal tender, but' it is refused on some other ground, as for instance that it is not enough. 38 Cyc. 147; *Mitchell v. Vermont C. M. Co.* 67 N. Y. 280.

It is true that the tender was not definitely pleaded in the answer, but the evidence came in without objection and the facts appear from the plaintiff's own evidence, and in such case the pleadings may be considered as amended in furtherance of justice.

*By the Court.*—Judgment affirmed.