PAHL and another, Respondents, vs. KOMOROWSKI, Appellant.

*February 4—March 4, 1919.*

*Milwaukee civil court: Costs, when not discretionary: Offer of judgment: Trial de novo on appeal: Interest.*

1. The special provision in sec. 14 of the Milwaukee civil court act (ch, 549, Laws 1909, as amended by ch. 320, Laws 1913), relating to costs in actions governed by the statutes applicable to justices' courts, is controlling as against the general provision in sec. 24 that costs are in the discretion of the judge before whom the action is tried.

2. Under sec. 3628, Stats., if the plaintiff does not accept an offer of judgment duly made and fails to recover a more favorable judgment, he cannot recover costs after the making of such offer, but must pay costs so made to the defendant.

3. The fact, in such a case, that the action is tried *de novo* in the circuit court on appeal does not affect the defendant's rights under sec. 3628, Stats.

4. In an action upon an open unliquidated account, the amount of which was fairly open to dispute, where the amount for which judgment was recovered had been tendered to plaintiff before the action was commenced plaintiff was not entitled to interest.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Action on contract. Plaintiffs brought suit in the civil court of Milwaukee county, claiming that the defendant owed $43.65 on account of sale of goods. Prior to the commencement of the action the defendant had sent the plaintiffs a check for $33.15, the amount which he admitted was due plaintiffs. Upon the filing of plaintiffs' complaint the defendant made an offer of judgment in the sum of $33.15 and costs, which offer was refused by the plaintiffs. The defendant in his answer set up the fact that he had attempted to pay the $33.15 by check, but did not plead it as a tender and made no effort to keep the tender good. Upon the trial the court found that the defendant owed $33.15, and upon

motion ordered judgment for the amount without costs, and judgment was entered accordingly.   Plaintiffs appealed to the circuit court for Milwaukee county, the matter was brought on for hearing in the circuit court, and an order was made reversing the decision of the civil court and directing that costs should abide the event of the action.   The cause was then placed upon the calendar to be tried as an issue of fact by the court.    Upon the trial the circuit court found the amount due to be $33.15, and further found that on May 10, 1916, the defendant mailed his check for the sum of $33.15 to the plaintiffs, who received and returned it, not because of any defect in the check or because of lack of funds to meet it, but for the expressed reason that it was not issued for such an amount as was sufficient to pay what plaintiffs claimed was then due them.   In their complaint plaintiffs asked for no interest on any sum.   The circuit court directed judgment in favor of the plaintiffs for $33.15, with disbursements and interest, but without costs.   Judgment was entered accordingly, and from the judgment so entered the defendant appeals.

The cause was submitted for the appellant on the brief of *F. P. Hopkins* of Milwaukee, and for the respondents on that of *Martin J. Brennan* of Milwaukee.

Rosenberry, J.   The defendant claims that the judgment appealed from is erroneous for the reason that the allowance or disallowance of costs by the civil court was a matter within the discretion of that court, and the civil court having exercised its discretion and denied the plaintiffs costs, plaintiffs are not entitled to judgment for any greater amount than $33.15.

Plaintiffs claim that, the judgment of the civil court of Milwaukee county having been reversed and the cause tried *de novo* in the circuit court, the matter of costs in that court was within the control of the circuit court and that the judgment is right and should be affirmed.

The civil court act, being ch. 549 of the Laws of 1909, as amended by ch. 320 of the Laws of 1913, provides:

"Section 24.   1. The prevailing party in any action or proceeding in said civil court shall be entitled to costs, in the discretion of the judge before whom such action or proceeding was heard or tried."

Sec. 14 of the same act provides:

"1. The process, service of the same, appearance, practice, pleadings, proceedings for contempt, trials, judgments by confession, default, or of nonsuit, fees, costs and disbursements, and all the writs, warrants and proceedings in said civil court and in appeals therefrom, shall, except as herein otherwise provided, be governed by the provisions of Title XXVIII of the statutes, as amended, relating to courts of justices of the peace and proceedings therein in civil cases, . . .

"2. Provided, that in all actions and proceedings specified in sections 3572 and 3573, commenced in said court where the amount involved or demanded in the complaint in said action shall exceed the sum of two hundred dollars, except, actions for forcible entry and detainer, the practice, pleadings, trials, judgments and proceedings thereafter shall be governed by the provisions of law relating to circuit courts and proceedings therein."

This action manifestly falls within that class which is to be governed by the provisions of the statutes relating to courts of justices of the peace.   In the matter of costs there is therefore a clear contradiction between sec. 14 and sec. 24.   If it be held that all costs are within the discretion of the judge of the civil court before whom an action or proceeding is tried, the provision of sec. 14 that costs shall be governed by the provisions relating to courts of justices of the peace is of no effect and meaningless.

It must be held that the special provision relating to costs in actions governed by the provisions relating to justices of the peace must control over the general provision contained in sec. 24 that costs are in the discretion of the judge before whom the action is tried.   This gives effect to every portion

of the act and is in accordance with the established canons of construction.

Applying the provisions of the statute embodied in Title XXVIII, we find that sec. 3628 provides that if the plaintiff do not accept an offer of judgment made in accordance with sec. 3627 it shall be deemed withdrawn, and if the plaintiff fail to recover a more favorable judgment than he would have done by accepting the offer he shall not recover costs made after the making of such offer, but shall pay costs so made to the defendant.

The plaintiffs did not in either court recover a more favorable judgment than they would have done had they accepted the offer made in the civil court. They are therefore not only not entitled to any costs, but the defendant is entitled to tax against the plaintiffs costs and disbursements made after the offer. *Kellogg v. Pierce,* 60 Wis. 342, 18 N. W. 848.

The action being on an open unliquidated account, the amount of which was fairly in dispute, and the amount having before the commencement of the action been tendered to the plaintiffs *(Kiefert v. Maple Valley M. H. F. Ins. Co.* 158 Wis. 340, 148 N. W. 864), the plaintiffs are clearly not entitled to interest. If the tender made had been pleaded and kept good as provided by statute, it would have been a complete defense to the entire action. The fact that the action was tried *de novo* in circuit court on appeal does not affect the defendant's rights under sec. 3628, Stats. *Erd v. C. & N. W. R. Co.* 41 Wis. 65; *Kellogg v. Pierce,* 60 Wis. 342, 18 N. W. 848.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.