Frank v. Frost, 170 Wis. 353.

———————

FRANK, Respondent, vs. FROST, Appellant.

*November 7—December 2, 1919.*

*Accord and satisfaction: Retention of check without cashing: Interest.*

1. Where plaintiff bought seed corn of defendant subject to test, which resulted in its rejection, but contracted to buy a less amount at a reduced price, and defendant sent plaintiff his check for the difference between the price of the corn and bags purchased and the amount previously received from plaintiff, the retention of the check by plaintiff, without cashing it (its tender back to defendant having been refused on a subsequent date), was not a completed accord and satisfaction as pleaded by defendant.

2. Where plaintiff had an admitted claim against defendant for the difference between what he owed defendant and what had been previously paid, and no payment was made into court by defendant of the amount or any part thereof, and no attempt was made to comply with Circuit Court Rule XV or sec. 4266, Stats., as to tender, and no offer of judgment was made by defendant under sec. 2789, plaintiff's retention of the check merely defeated any claim for interest by him.

APPEAL from a judgment of the circuit court for Green Lake county: CHESTER A. FOWLER, Circuit Judge.   *Affirmed.*

March 5, 1918, the plaintiff paid defendant $110 for ten bushels of seed corn to be subsequently delivered if upon test it was at least ninety per cent. good. The tests made showed less than ninety per cent. Defendant then offered to reduce the price to $8 per bushel for the eight bushels he still had left, having sold two bushels to another person.

On April 3d the parties met and defendant's version is that he offered to return the $110, but they agreed that the plaintiff was to take the remaining eight bushels at $8 per bushel, no further test to be made, the seed corn to be delivered by defendant at a designated place, and defendant was to purchase, if possible, certain other seed corn for plaintiff with the balance of the $110. Plaintiff testified that this agreement was that he would not take the eight bushels unless the same came up to a specified test; that such test was made and the corn failed to meet such requirement.

It is undisputed that the eight bushels of corn were delivered by defendant at the designated place for the plaintiff and remained there until the time of the trial. Defendant was unable to obtain other seed corn for plaintiff.

April 29th defendant wrote plaintiff refusing to take the seed corn, and relied upon the agreement of April 3d. He inclosed a check for $44, being for the difference between $110 paid and $64 for eight bushels at $8 per bushel, with a charge of $2 for four bags. The check bore upon its face the words "For difference on seed corn and bags." This check was not cashed by plaintiff and was retained by him until the time of trial and then tendered into court and is now a part of the record.

May 2d plaintiff's attorney wrote defendant reciting the receiving of the check for $44 and demanding a check for the balance of $66 unless defendant would furnish seed corn of the tested quality agreed upon in March. A similar demand was made on May 14th. August 2d, at a personal interview, the plaintiff offered to return to defendant the $44 check, but such offer was then refused. Thereupon

the plaintiff commenced this action to recover the $110 with interest, together with another item not material here.

Defendant pleaded that the parties had compromised, adjusted, and settled the matter between them, that the settlement had been executed, and that the plaintiff received and accepted the sum paid to him in settlement of this dispute; such alleged settlement being based upon the transaction with the $44 check above specified.

The court submitted a special verdict of one question to the jury, which was answered by them to the effect that the plaintiff did agree with the defendant, at the interview on April 3d, to take the remaining eight bushels of seed corn at $8 per bushel; this being in accord with defendant's version of the transaction.

Motions were made by the respective parties thereupon for judgment, and the trial court granted plaintiff's motion. From a judgment for said $44 without interest, together with costs of $45.93, the defendant appealed.

For the appellant there was a brief by *Lehner & Lehner* of Oconto Falls, and oral argument by *Philip Lehner* of Princeton.

*W. C. O'Connell* of Fox Lake, for the respondent.

ESCHWEILER, J. The effect of the verdict in this case went no further than to relieve the defendant from any liability upon the one disputed issue as to whether or not there was an outright purchase of the eight bushels at $8 per bushel. Whether this arrangement on April 3d was an entirely new contract or a modification of the original one is immaterial. The court below, therefore, rightly held that under the verdict and the undisputed facts and circumstances the retention of the $44 check from April 29th until its tender back was refused by defendant on August 2d was not such a completed accord and satisfaction as was pleaded by defendant. Had the check been cashed and the money retained by plaintiff there would have been force in

defendant's contention. *Nassoiy v. Tomlinson,* 148 N. Y. 326, 331, 42 N. E. 715; *Swindell v. Youngstown S. & T. Co.* 230 Fed. 438, 443.

No payment was made into court by defendant of the $44 or any part thereof, or any attempt made to comply with the provisions of Circuit Court Rule XV or of sec. 4266, Stats., as to tender. No offer of judgment was made under sec. 2789, Stats. It was therefore properly held that such retention of the check had no further effect on the rights of the parties than to defeat any claim for interest. *Pahl v. Komorowski,* 168 Wis. 553, 556, 170 N. W. 950; *Weigell v. Gregg,* 161 Wis. 413, 420, 154 N. W. 645. Such effect was given to it by the judgment below, and we can find no error in the record.

*By the Court.*—Judgment affirmed.