M. Schulz Company, Respondent, vs. Gether, Appellant.

*March 13—April 8, 1924.*

*Accord: Consideration: Payment of less than amount of debt: Disputed accounts: Damages: Profits of business to be formed: Pleading: Amendment: Discretion of court.*

1. Where the purchaser and the seller of a stock of musical instruments became involved in a dispute as to whether a certain player piano had been included in the stock sold and whether notes given for the purchase price included the price of the player, acceptance by the seller of a check bearing an indorsement that it was in full settlement of all claims against the purchaser except upon the notes did not constitute an accord and satisfaction, the amount of the check representing an actual and conceded amount owing to plaintiff in another transaction, and not constituting consideration for a release of the claim for the price of the player piano.   p. 493.

2. An accord and satisfaction is a contract which, to be enforceable, must be supported by a consideration.   p. 493.

3. Where an account is liquidated and the amount is conceded by the debtor, the creditor will not be precluded from recovering the balance where he has received a lesser amount under an agreement that the payment thereof shall be in full satisfaction of the entire claim.    p. 494.

4. In an action on notes for the price of a stock of merchandise, where defendant counterclaimed on the ground that plaintiff had breached his contract to furnish goods to a corporation which defendant was about to form and which plaintiff represented would be profitable, damages by way of loss of profits which the corporation would have made if successful could not be recovered, being merely speculative and remote and existing only in anticipation.    p. 499.

5. It was not an abuse of discretion to deny an application to amend the counterclaim after demurrer *ore tenus* where no proposed amendment was offered.    p. 501.

APPEAL from a judgment of the circuit court for Milwaukee county: CHESTER A. FOWLER, Judge. *Affirmed.*

The appeal is from a judgment for damages and costs, and dismissing defendant's counterclaim upon a demurrer *ore tenus.*

For the appellant there was a brief by *Glicksman, Gold & Corrigan,* attorneys, and *Ray T. McCann,* of counsel, all of Milwaukee, and oral argument by *Mr. McCann.*

For the respondent there was a brief by *Michael Levin* of Milwaukee and *Simmons, Walker & Wratten* of Racine, and oral argument by *Mr. Levin* and *Mr. Charles F. Wratten.*

DOERFLER, J. In June, 1918, the parties entered into an agreement by which the plaintiff sold to the defendant a stock of musical instruments located in the store of the Steussy-Schulz Piano Company in the city of Manitowoc. The purchase price was $2,115, for which amount the defendant executed and delivered to the plaintiff four promissory notes, payable in four, eight, twelve, and sixteen months. After the sale a dispute arose between the parties as to whether a certain player piano was included in the stock sold, and whether the amount represented by the notes .

included the price of this piano. The defendant was the manager of a corporation in Milwaukee known as the Gether Piano Company, which was indebted to the plaintiff on an undisputed and liquidated account for $139.71, and on the 1st day of March, 1919, the Gether Piano Company sent its check to the plaintiff for the sum of $139.71, with the following indorsement thereon: "In full settlement of all claims against us and *C. R. Gether,* except promissory notes. (Signed) Gether Piano Company, *C. R. Gether,* Manager." Shortly after the plaintiff received this check it made a protest thereto, and requested the defendant to except therefrom such indorsement, to which the defendant replied that the check was intended in full settlement as indicated therein. Plaintiff retained the check until some time in June, 1919, when it cashed the same, and thereafter brought the present action for the recovery of $265, the price of the player piano.

The defendant claims that the plaintiff, by cashing the check, accepted the same in full settlement of all claims against him and the Gether Piano Company, excepting only the obligation to pay the notes, and that the transaction amounted to an accord and satisfaction. The amount owing by the Gether Piano Company was liquidated and undisputed. The price of the player piano was also liquidated and undisputed, and the only difference existing between the parties was with reference to whether the piano was included in the sale or not. An accord and satisfaction is a contract like all other contracts, and in order to be enforceable must be supported by a consideration. The amount of the check represented the actual and conceded amount owing by the Gether Piano Company to the plaintiff, and in paying such amount the Piano Company merely discharged its obligation. The plaintiff received what was owing to it, and the defendant parted with nothing by way of a consideration which might form the basis for a release of plaintiff's claim for the price of the player piano.

The doctrine generally adopted by the courts is to the effect that, where an account is liquidated and the amount owing is conceded by the debtor, the creditor will not be precluded from recovering the balance where he has received a lesser amount under an agreement that the payment thereof shall be in full satisfaction of the entire claim. That such is the law is elementary and requires no citation of authorities. In the instant case, there being a dispute between the parties as to whether the piano was included in the purchase by the defendant, if the defendant had increased the amount of his check in an amount however small, over and above the conceded amount owing, the acceptance and cashing of the check by the plaintiff would unquestionably have constituted an accord and satisfaction. In that event, there being a *bona fide* dispute and the law favoring settlements, the accord and satisfaction would be based upon a proper consideration.

The matter in dispute with reference to the plaintiff's complaint was submitted to a jury in a special verdict, and the jury found: (1) that the piano involved was not among the stock of merchandise at the time such stock was sold; (2) that it was not included in the stock which was paid for by the giving of the notes; and (3) that the parties did not agree that the check in question should be received by the plaintiff in full settlement of the piano. The learned trial judge held that the delivery and acceptance of the check did not amount to an accord and satisfaction, for the reason that there was no consideration for the release of the claim for the piano, and therefore ordered judgment in plaintiff's favor.

Defendant's counsel rely largely on *Thomas v. Columbia P. Co.* 144 Wis. 470, 129 N. W. 522; *Frank v. Frost,* 170 Wis. 353, 174 N. W. 911; and *Nassoiy v. Tomlinson,* 148 N. Y. 326, 42 N. E. 715, upon the proposition that the retention of the check and the use of the proceeds by the plaintiff constitute an accord and satisfaction as a matter

of law.   The *Thomas Case* presented a question of con-
struction of a contract of employment.   A *bona fide* dispute
existed between the parties as to a proper construction, the
plaintiff claiming one thing and the defendant another.
Under the plaintiff's construction the defendant was in-
debted to him in a certain amount, while under the de-
fendant's construction the indebtedness was in an amount
considerably less than that claimed by the plaintiff.   The
amount actually due, therefore, was unliquidated, and while
such contention prevailed the defendant sent plaintiff its
check for the amount due him under its construction of
the contract.   Plaintiff cashed the check, and the court held
that he "could not accept the offer and avail himself of the
funds without assenting to the condition upon which the
offer was made."   The decision of the court was largely
based upon the *Tomlinson Case, supra.*   No criticism can
justly be offered of the decision in the *Thomas Case,* for
the court there had before it a *bona fide* dispute on the
construction of a contract, and the amount owing was un-
liquidated.   In such cases the rule is quite universal that
in the acceptance of an amount less than the amount
claimed, the claimant, by accepting the amount offered as a
settlement, is bound by the condition.

   In the *Tomlinson Case* a dispute arose between the plaint-
iff and the defendants as to the amount owing the plaintiff
for commissions.   The plaintiff claimed that the defendants
owed him the sum of $1,500 under an agreement to pay
him at one rate, while the defendants claimed that they
owed him but $300 under an agreement to pay him at an-
other rate.   While this dispute continued, the defendants
sent plaintiff a check for the sum of $300, the amount con-
ceded by them to be owing, in full for commissions.   The
plaintiff claimed that the amount owing was in a sum con-
siderably in excess of $300, but nevertheless cashed the
check.   The court held that the acceptance of the check
constituted an accord and satisfaction, there being a *bona*

*fide* dispute between the parties as to the amount due, and by the acceptance of the check the plaintiff also accepted the condition. It needs but little comment to distinguish this case from the instant case. The dispute there arose as to the percentage of the commissions. With full knowledge of such dispute, the actual amount being unliquidated, the check was accepted. In such a case the authorities are quite uniform that the transaction amounts to an accord and satisfaction.

What has heretofore been said with reference to the *Thomas* and *Tomlinson Cases* is applicable with equal force to the case of *Frank v. Frost,* 170 Wis. 353, 174 N. W. 911.

The facts in the instant case are similar to those in *Demeules v. Jewel Tea Co.* 103 Minn. 150, 114 N. W. 733, and in that case a recovery was allowed. We are aware that there is a conflict of authority in this country on the subject; however, inasmuch as it clearly appears that in the instant case the debtor merely paid a conceded obligation, there was no consideration whatever for a release of another and independent claim. We believe such rule to be in harmony with our prior decisions. It therefore follows that the judgment on plaintiff's complaint must be affirmed.

The defendant interposed a counterclaim, in which he alleges in part the following:

"That the plaintiff at the time of the purchase of said merchandise by this defendant, and as part consideration thereof, and to induce said defendant to purchase said merchandise, agreed that if said defendant would organize, or would cause to be organized, a corporation to be known as the Herzog Piano Company to take over said merchandise and carry on a piano and talking-machine business at Manitowoc, Wisconsin, it, the said plaintiff herein, would furnish said corporation (Herzog Piano Company) with such player pianos, pianos, and talking machines as it, the said Herzog Piano Company, might need to carry on such business properly, at the request of the Herzog Piano Company, at as low prices as said plaintiff should be then selling such goods to any other dealer; that such further purchase of

goods should be settled for by the Herzog Piano Company by giving its notes bearing seven per cent. (7 %) interest after four months in four equal amounts due four, eight, twelve, and sixteen months after date of shipments.

"That said plaintiff would furnish musical merchandise to the said Herzog Piano Company on the terms aforesaid so long as this defendant and one J. F. Herzog, or either of them, should be interested in or identified with the said business, and that the said plaintiff represented such business to be profitable.

"That this defendant, relying on such statements and representations by your plaintiff that the Manitowoc business was profitable, and believing the said corporation to be organized or caused to be organized by him would be entitled to receive such goods promised to be furnished by your plaintiff, as hereinbefore set forth, promptly, on the terms aforesaid, purchased said merchandise in the store of the Steussy-Schulz Piano Company at Manitowoc, Wisconsin, and elsewhere, which the plaintiff claimed to own, for the price and on the terms hereinbefore set forth.

"That thereafter this defendant organized the Herzog Piano Company, a Wisconsin corporation, and assigned the musical merchandise acquired of the plaintiff to said Herzog Piano Company in payment for capital stock therein; that said Herzog Piano Company is solvent and able to pay for such purchases as agreed; that this defendant became and still is the principal stockholder in the said Herzog Piano Company, and has given a great deal of his time to its business; that J. F. Herzog became a stockholder and still is a stockholder in said Herzog Piano Company.

"That your plaintiff, after accepting the notes of the defendant for the merchandise sold to the defendant as aforesaid, refused to furnish any goods to the Herzog Piano Company; that the Herzog Piano Company has been unable to get the player pianos, pianos, and talking machines from any other manufacturer thereof, and that the refusal of your plaintiff to deliver goods as agreed has practically ruined the business of the Herzog Piano Company, and that through the loss of said corporation of large profits and through the injuries thus inflicted on its business, said corporation has been damaged not less than ten thousand ($10,000) dollars.

"(2) That heretofore on the 9th day of August, 1919,

and before the commencement of this action, said Herzog Piano Company assigned for valuable consideration to your defendant herein its cause of action against your plaintiff for the breaches of the contract hereinbefore set forth, occurring prior to the date of said assignment, together with the right to sue in his own name, and collect for his own benefit all damages which had accrued by reason of breaches of said contract up to the date of said assignment."

The plaintiff interposed a demurrer *ore tenus* to such counterclaim, which demurrer was sustained by the trial court. It was the contention of the plaintiff in the lower court, and is now its contention, that the allegations of the counterclaim are not sufficient to warrant a recovery of damages thereon; that the damages are purely speculative, and cannot be estimated to a reasonable certainty. On the part of the defendant it is claimed that the Herzog Piano Company was the successor of the Steussy-Schulz Piano Company, and that the plaintiff, at the time of the sale of the stock of merchandise and in consideration of said sale, agreed to furnish the Piano Company with such merchandise as it might need in its business; that it represented the business (meaning the business of the Steussy-Schulz Piano Company) as a profitable business, and that under such representations and inducements the sale was effected, and that therefore a proper basis was created upon which profits could be estimated to a reasonable certainty. The only allegation as to any business being profitable is contained in the following paragraph:

"That said plaintiff would furnish musical merchandise to the said Herzog Piano Company on the terms aforesaid so long as this defendant and one J. F. Herzog, or either of them, should be interested in or identified with the said business, and that the said plaintiff represented such business to be profitable."

The business referred to as profitable is the business of the Herzog Piano Company, and not the business of the

Steussy-Schulz Piano Company. The parties therefore had in mind not an established business, existing over a period of time, from which the profits could be reasonably estimated, and which profits would be enjoyed by the successor, the Herzog Piano Company, but the profits of a new organization, which contemplated the establishment of an entirely new business. It must be assumed that the Steussy-Schulz Piano Company was a corporation duly capitalized in accordance with its articles of incorporation; that it conducted a volume of business in accordance with its capitalization and in accordance with its stock on hand, and that the success or failure of such corporation was dependent in a large measure upon those actually engaged in the conduct and management of such business. Every business, whether conducted by an individual or by a corporation, acquires a distinct character for individuality, dependent largely upon the owners thereof, the ability of the managers and their character, and the methods of its conduct and operation. There are no allegations in the complaint which either allege that it was intended to conduct the new corporation on a scale similar to that of the old corporation; that the resources would be similar; that the management would be substantially the same, or that the methods to be employed would correspond with those of the predecessor. While the allegations of the counterclaim refer to a corporation to be formed and known as the Herzog Piano Company, no requirement is alleged with respect to its capital stock or its resources. The only allegation connecting the new corporation with the old is that where it is alleged that the business shall be conducted in the store formerly occupied by the Steussy-Schulz Piano Company. We have, therefore, to all intents and purposes, a new business with a distinct capitalization, a new owner, and a new manager. What such corporation will be able to show during the alleged period of the contract, by way of profits, is merely speculative, and

the. law is well established that under such circumstances damages for loss of profits for breach of contract cannot be recovered. .

The doctrine is well stated in 17 Corp. Jur. 797, as follows:

"Where a new business or enterprise is floated and damages by way of profit are claimed for its interruption or prevention, they will be denied for the reason that such business is an adventure, as distinguished from an established business, and its profits. are speculative and remote, existing only in anticipation."

Such is also substantially the holding of this court in *Poposkey v. Munkwitz*, 68 Wis. 322, 32 N. W. 35.

While upon a demurrer *ore tenus* a pleading must be liberally construed, even more so than under a general demurrer, and while every reasonable intendment must be made in favor of the pleading, the pleading in the counterclaim herein must nevertheless be adjudged to be fatally defective with respect to the matter referred to.

The learned trial judge also decided that the contract alleged in the counterclaim is void for lack of mutuality and for uncertainty. Having concluded that the pleading was subject to the demurrer with respect to a failure to allege a proper basis for damages, it will be unnecessary for us to consider the other points upon which the contract was held invalid.

After the trial court had sustained the demurrer to the counterclaim, defendant's counsel made an application to the court to amend the same. No proposed amendment, however, was offered, and the court in its decision expressed grave doubt as to the ability of the pleader to frame an amendment which would cure the defective pleading. Counsel failed to suggest to .the trial court or to this court any amendment which might properly be made to its counterclaim, and no amendment was offered. On the contrary, counsel persisted in this court that the pleading was ample

and required no amendment. The granting of an amendment being discretionary and the court having denied the same, and it appearing that by its ruling the trial court did not abuse its discretionary power, the order and judgment of the lower court in that regard must be affirmed.

*By the Court.*—Judgment affirmed.